UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12032-RWZ

O&G INDUSTRIES, INC.

v.

UNIVERSITY OF MASSACHUSETTS BUILDING AUTHORITY
and R.G. VANDERWEIL & COMPANY, INC.

MEMORANDUM OF DECISION

September 18, 2012

ZOBEL, D.J.

O&G Industries, Inc. ("O&G") has sued the University of Massachusetts Building Authority ("UMBA") and R.G. Vanderweil & Company, Inc. ("Vanderweil"), for breach of contract, unjust enrichment, quantum meruit, and negligent misrepresentation. The sole count of the complaint against Vanderweil is the Seventh Count, claiming negligent misrepresentation, which Vanderweil has moved to dismiss for failure to state a claim. For the reasons discussed below, the motion is denied.

I.  **Background**

This case comes before the court on diversity jurisdiction under 28 U.S.C. § 1332. The factual background below is drawn from the allegations in O&G's complaint (Docket # 1).

UMBA, a public organization created by the Massachusetts legislature, solicited

bids to construct a central heating plant on the University of Massachusetts-Amherst campus. As part of the bid solicitation, UMBA provided a Request for Proposal ("RFP") which had been prepared by Vanderweil, the plant's designers. The RFP included, among other things, the plans and specifications according to which the new plant would be built.

O&G is a Connecticut corporation that provides construction management services. Its bid to construct the plant, which it prepared based on the RFP, was accepted, and on January 17, 2006, O&G and UMBA entered into an $87,984,869.00 lump sum contract for the project. Agreed changes to the contract as the project proceeded raised the contract price to $109,111,041.00. UMBA has already paid $107,648,789.64 to O&G, leaving a balance due under the contract of $1,462,251.36. O&G also claims $370,594 for additional work, and $6,313,179.96 for increased commissioning and construction costs caused by the defective planning and permitting process, which it attributes to UMBA and Vanderweil. Including interest through September 2011, O&G claims a total of $11,567,355.95.

In the Seventh Count of its complaint, O&G alleges that Vanderweil is liable for the full $11,567,355.95 because Vanderweil negligently supplied false information in the RFP, which O&G justifiably relied on in constructing the plant, and which led to the increased costs described above.

II.     **Legal Standard**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The court accepts as true all

factual allegations contained in the complaint, but not legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the complaint must provide sufficient factual allegations to make its claim for relief plausible. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**III.    Analysis**

To recover for negligent misrepresentation under Massachusetts law, a plaintiff must prove that the defendant:

> (1) in the course of his business,
> (2) supplies false information for the guidance of others,
> (3) in their business transactions,
> (4) causing and resulting in pecuniary loss to those others,
> (5) by their justifiable reliance upon the information, and
> (6) with failure to exercise reasonable care or competence in obtaining or communicating the information**.**

Nota Constr. Corp. v. Keyes Assocs., 694 N.E.2d 401, 405 (Mass. App. Ct. 1998).

Vanderweil challenges O&G's pleadings primarily with respect to the second element, arguing that O&G does not sufficiently allege any false statements by Vanderweil. However, defendant concedes that the complaint alleges at least one factual misrepresentation: that the RFP "indicates that the Solar Mars 100 Gas Turbine was used in 169 installations in the United States and 715 installations worldwide, and of the 715 installations worldwide, there were 700 units in operation and of that, 103 units had dual fuel capability like the one installed at UMass." Compl. at 14, ¶ 54(j). According to the complaint, this representation is false, and the "Solar Turbine specified by Vanderweil for use on this Project was the first of its kind used within the

United States (only the second in the world) and had never previously operated on liquid fuel." Compl. at 13, ¶ 54(c). Vanderweil claims that the alleged misrepresentation does not appear in the RFP. However, O&G clarifies that it is set forth in the Approval to Construct, which it claims was part of the construction documents included with the RFP. Vanderweil denies that it prepared the RFP, but that contradicts the factual allegations of the complaint. <u>See</u> Compl. at 12, ¶ 52 (alleging that Vanderweil's work as "Designer of Record for the Project" included "preparing and issuing the RFP and specifications").

 O&G also alleges a host of other difficulties in the construction process that derived from the false information in the RFP.  Many of O&G's allegations are couched in language that sounds in negligence rather than negligent misrepresentation—e.g., "Vanderweil failed to timely address the engineering design deficiencies discovered during commissioning of the Project," Compl. at 15, ¶ 54(o). But taken as a whole, O&G's factual allegations in this section give sufficient detail to raise a plausible inference that false information in the RFP, supplied by Vanderweil, caused harm to O&G.

 Vanderweil also briefly challenges O&G's allegations with respect to the fourth, fifth, and sixth elements of the negligent misrepresentation claim (causation, justifiable reliance, and negligence). They are, however, sufficient to plausibly show that O&G could satisfy each of these elements. The complaint explains the source of O&G's damages and asserts that those damages arose because O&G "construct[ed] the Project in accordance with the information supplied by Vanderweil," Compl. at 15, ¶ 55.

The complaint likewise alleges justifiable reliance in that O&G constructed the plant according to Vanderweil's plans. Id. Finally, it plausibly alleges errors and misrepresentations that an architectural firm exercising reasonable care would have avoided.  While perhaps not a model of clarity, O&G's complaint is detailed and pointed enough to satisfy Rule 8(a)(2) and state a claim for negligent misrepresentation.

**IV.    Conclusion**

Defendant Vanderweil's Motion to Dismiss (Docket # 12) is DENIED.


      September 18, 2012                          /s/Rya W. Zobel
           DATE                                 RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE