UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12032-RWZ

O&G INDUSTRIES, INC.

v.

UNIVERSITY OF MASSACHUSETTS BUILDING AUTHORITY
and R.G. VANDERWEIL & COMPANY, INC.

ORDER

October 3, 2013

ZOBEL, D.J.

The construction of a central heating plant on the University of Massachusetts-Amherst campus did not go as planned. The construction manager, O&G Industries, Inc. ("O&G"), sued the project's owner, the University of Massachusetts Building Authority ("UMBA"), for breach of contract, unjust enrichment, quantum meruit, and negligent misrepresentation. O&G also charges negligent misrepresentation against R.G. Vanderweil & Company, Inc. ("Vanderweil"), alleging that the project designer negligently supplied false information on which O&G justifiably relied in constructing the plant. Following a failed motion to dismiss, Vanderweil filed an answer to O&G's complaint (Docket # 58) on April 16, 2013.[1] Vanderweil now seeks leave to amend its answer to assert two counterclaims for contractual indemnification against O&G based

---

[1] UMBA filed an answer and counterclaims against O&G (Docket # 15), as well as crossclaims against Vanderweil. Vanderweil filed an answer and crossclaims against UMBA (Docket ## 25 and 28).

upon indemnification provisions in O&G's agreements with UMBA and other third parties. O&G opposes the proposed amendment as untimely and prejudicial.

Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), absent an adequate basis to deny amendment such as futility, undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, Foman v. Davis, 371 U.S. 178, 182 (1962).[2] Vanderweil claims that it only recently became aware of its counterclaims through discovery after it "searched through hundreds of boxes and located O&G's contracts with [third parties] and read the indemnification provisions." Docket # 62 at 3. Vanderweil argues that amendment would impose no undue prejudice on O&G because discovery is still in progress and depositions have not been completed. It also invokes Fed. R. Civ. P. 13(e), under which a court may "permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."

O&G refutes that the indemnification claims "matured or [were] acquired . . . after serving an earlier pleading," noting that Vanderweil clearly had access to the contracts that purportedly gave rise to the new claims well before filing its answer. It objects to the timing of Vanderweil's motion, which was filed days before the deposition of

---

[2] O&G suggests that Vanderweil's motion is more properly viewed under Fed. R. Civ. P. 15(d), which states that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Vanderweil does not contend, however, that its counterclaims are based on events occurring after its answer was filed, but rather that it was not made aware of such claims until recently. In any event, the court's assessment under both Rules 15(a) and 15(d) is the same. See 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 15.30, at 15-133 (3d ed. 2012).

Vanderweil's Rule 30(b)(6) designee and the September 3, 2013 discovery deadline.[3] Finally, O&G says that it would suffer prejudice; had it been aware that Vanderweil intended to bring indemnification counterclaims, it would have significantly altered its overall case management and strategy, including its approach to discovery.

It seems that Vanderweil could and should have recognized the basis for its counterclaims earlier in the proceedings, and its apparent lack of diligence in that regard is disappointing. Nonetheless, the four-month delay between Vanderweil's answer and the current motion is "insufficient to deny the motion on the basis of undue delay alone." Guest-Tek Interactive Entertainment Inc. v. Pullen, 731 F.Supp.2d 80, 93 (D. Mass. 2010) (motion to amend filed eight months after filing of complaint would not be denied for undue delay) (citing cases). The motion is undeniably tardy, but there was no scheduling order setting a deadline for amendments, cf. Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. 2004) (party seeking to amend must show good cause for delay where court has already issued an amendment deadline), and discovery has been extended. Nor do I discern any serious prejudice to O&G given that the indemnification provisions cited in Vanderweil's counterclaims are already at issue in UMBA's counterclaims against O&G, and the central dispute – namely, the performance of the parties with respect to the project – remains unchanged.

Defendant Vanderweil's motions for leave to amend its answer to assert counterclaims (Docket # 61) and for leave to file an affidavit in support thereof (Docket # 64) are ALLOWED.

---

[3] The discovery deadline has since been extended to November 4, 2013.

| | |
|---|---|
| October 3, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |