UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 11-12032-RWZ


O&G INDUSTRIES, INC.

v.

UNIVERSITY OF MASSACHUSETTS BUILDING AUTHORITY
and R.G. VANDERWEIL & COMPANY, INC.


ORDER

January 30, 2014


ZOBEL, D.J.

This action arises out of the construction of a central heating plant on the

University of Massachusetts-Amherst campus.  The construction manager, O&G

Industries, Inc. ("O&G"), sued the project's owner, the University of Massachusetts

Building Authority ("UMBA"), for breach of contract, unjust enrichment, quantum meruit,

and negligent misrepresentation.  UMBA now seeks partial summary judgment on

Count III of the complaint, in which O&G alleges breach of contract due to UMBA's

failure to pay for "added commissioning costs, extended general conditions, and other

costs."  Docket # 1 at 5.  UMBA argues that O&G's claim for "extended general

conditions" beyond the project's contractual completion deadline is precluded by a "no

damages for delay" provision in the parties' contract.  UMBA also contends that

because it already made payments to O&G for extended general conditions covering

March 2008 to April 2009 pursuant to bilaterally executed change orders, any

additional claim for general conditions for that 14-month period is barred by the doctrine of accord and satisfaction.  Finally, UMBA asserts that O&G's claim for general conditions is a "total cost claim" which must fail because O&G itself is responsible for a portion of the costs.[1]  In response, O&G disputes that its extended general conditions costs constitute "delay damages," challenges the enforceability of the "no damages for delay" provision, claims UMBA waived the provision through its conduct, argues that the executed change orders were merely placeholders and were open to further negotiation, and denies that it is bringing a total cost claim.

After oral argument and consideration of the parties' papers, I find that these arguments involve disputed issues of material fact regarding the contours of the extended general conditions costs claimed by O&G and the parties' conduct with respect to delay, waiver, and the payment of change orders.  As such, O&G's claim for extended general conditions cannot be resolved at this stage.

UMBA's motion for partial summary judgment as to Count III (extended general conditions) (Docket # 71) is DENIED.

| January 30, 2014 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |

---

[1] Under the total cost method of proving and computing damages, "the contractor's bid is subtracted from the total costs incurred in performing the contract." Tecom, Inc. v. U.S., 86 Fed. Cl. 437, 455-56 (Fed. Cir. 2009).  This approach is disfavored and "may be used only when a plaintiff can demonstrate that: (1) it is impractical to prove the actual losses; (2) the bid was reasonable; (3) the actual costs were reasonable; and (4) the plaintiff is not responsible for the additional costs." Id.